### A. CAMPBELL'S COMMITTEE *v.* HENRY BULLOCK.

[Abstract Kentucky Law Reporter, Vol. 1—333.]

**Sale of Store by a Committee.**
   While some of the acts of a committee in the sale of a stock of goods were not authorized by law, but such a sale was honest and greatly to the advantage of the estate, and no injury was sustained by such sale, no objections made by the committee's successor, and no suit brought for conversion or for the recovery of the goods, such sale is ratified.

APPEAL FROM PENDLETON CHANCERY COURT.

October 21, 1880.

OPINION BY JUDGE COFER:

While many of the acts of the appellee as committee for A. Campbell were not authorized by law, there can be no doubt but that he acted in the utmost good faith, and it is equally clear that his successor has failed to show that any injury was sustained in consequence of what he did.

That the miscellaneous and ill-conditioned stock of goods could not have been sold at public sale for as much as the appellee sold it for we entertain no doubt. The appellant did not ask the court to declare the sale invalid, nor to permit him to sue for the recovery of the goods or for damages for their conversion, but by the course he has taken has ratified the sale; and as he has failed to show that any injury resulted to the estate from the act thus ratified he has no ground to complain on this point of the judgment of the court below.

The same is true of the renting of the storehouse, which under the circumstances seems to this court not to have been improvident.

The evidence shows that the repairs and improvements put upon the storehouse were not only necessary and proper to be made, but are worth more than a year's rent of the house in the condition it was in before the work was done.

The account of Stevenson & OHara includes something for services rendered to the appellee as committee, but it also includes other services. We cannot assume that any considerable part was for services rendered for him as committee and reverse on that ground; nor are we prepared to say that the appellee did not have a right to charge the estate with reasonable counsel fees. As he does not appear to have had any other allowance on that account, we would not reverse for that item, even if it appeared that a large part of it was for services rendered the committee.

The allowance to the committee is large, and if that item alone had been contested we should have been inclined to decide that it was too large. But when we consider the fact that the appellee hired a clerk to aid him in selling off a large part of the stock, and in attending to the business of the estate, and that from the nature of that business it required and received a great deal of personal attention from him, and that he has been put to expense to defend his action in almost every particular, although evidently for the best interest of the estate, and has been compelled to employ counsel to aid him in his defense, both in the court below and in this court, we regard the allowance as not unreasonable, and the judgment is *affirmed.*

*C. H. Lee, S. Buckley,* for *appellant.*

*Clarke & Simon,* for *appellee.*